**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1580**

JOSEPH LANDINO,

             Plaintiff-Appellant,

     v.

BETTY J. SAPP, Director, National Reconnaissance Office;
JOHN O. BRENNAN, Director Central Intelligence Agency

             Defendants-Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Liam O'Grady, District
Judge. (1:10-cv-01385-LO-JFA)

Submitted:  March 4, 2013          Decided:  April 30, 2013

Before AGEE, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

R. Scott Oswald, Subhashini Bollini, THE EMPLOYMENT LAW GROUP,
P.C., Washington, D.C., for Appellant.  Neil H. MacBride, United
States Attorney, Stephen J. Obermeier, Assistant United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria,
Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Landino ("Landino") appeals from the district court's dismissal of his complaint, in which Landino alleged that he suffered gender discrimination by his supervisors at the National Reconnaissance Office ("NRO"). For the reasons set forth below, we affirm the judgment of the district court.

I

Landino was a senior intelligence officer with the Central Intelligence Agency (the "Agency") assigned to the NRO, where he served as a Deputy Director under the immediate supervision of Jan Janssen ("Janssen"). In 2007, shortly after Landino began working under Janssen, he contacted the Agency's Office of Equal Employment Opportunity ("OEEO") and complained that Janssen and her supervisor, Ralph Haller ("Haller"), created a hostile work environment by, among other things, screaming, using profanity, and slamming doors (the "2007 Complaint"). One incident cited by Landino involved Janssen yelling at him regarding a colleague's failure to complete assigned tasks. During this encounter, Janssen said "if [the colleague] has a problem with women, tell him the women are in charge!" J.A. 85. Based on this incident, an OEEO Counselor asked Landino whether he believed that he was

2

a victim of sexual harassment.[1] J.A. 67, 297. Landino replied, "no." J.A. 67, 297. Landino's 2007 Complaint also contained a list of 23 aggrieved individuals, 11 of whom were women. J.A. 79–81, 90.

In 2008, Landino filed a second complaint (the "2008 Complaint") with OEEO, alleging that Janssen and Haller had retaliated against him for filing the 2007 Complaint by giving him a negative performance review. In a form accompanying the 2008 Complaint, Landino was asked whether he believed he was the subject of discrimination on the basis of "color, race, age, sex, disability, national origin, religion or as an act of reprisal." Landino answered by writing only "reprisal." J.A. 106.

Following OEEO's investigation of the 2007 and 2008 Complaints, Landino signed a four-page Resolution Agreement and General Release (the "Settlement Agreement"), releasing all claims relating to those complaints. In exchange for this release, the Agency expunged Landino's negative review from his record and permanently removed Janssen as his supervisor.

---

[1] The parties disagree regarding whether the OEEO Counselor asked Landino if he was the victim of sexual harassment or whether she asked Landino if he had been discriminated against on the basis of gender. Because we must review the facts of this case in the light most favorable to Landino, we accept his version of events.

Landino later applied for a new assignment within the NRO in March 2008, and, though a selection committee considered his application, he ultimately was not selected (the "March 2008 Employment Decision"). He instead accepted a one-year position outside of the NRO. In February 2009, Landino applied for another new position in the NRO, but, in April 2009, was told that he was not eligible for the position because the Settlement Agreement restricted him from serving in Janssen's supervisory chain (the "April 2009 Employment Decision"). Landino instead accepted assignment as National Space Environmental Monitoring Liaison ("NSEML").

One of Landino's colleagues later informed him that Janssen and Haller conspired to ensure that the March 2008 and April 2009 Employment Decisions were adverse to Landino. He then secured counsel and filed a formal administrative complaint of discrimination and retaliation (the "2009 Complaint"). In his 2009 Complaint, Landino alleged that he had complained of gender discrimination in his 2007 and 2008 Complaints and that Janssen and Haller had retaliated against him as a result of those complaints by ensuring that the March 2008 and April 2009 Employment Decisions were adverse to him and by ensuring his placement in the NSEML position. Landino contends that position was not commensurate with his qualifications and experience.

4

The OEEO investigated Landino's claims and concluded that Landino settled the claims contained in his 2007 and 2008 Complaints. It further concluded that Landino's claims relating to the March 2008 and April 2009 Employment Decisions were time-barred because Landino failed to contact the OEEO within the 45-day time limit. It accepted for investigation Landino's claim that his placement in the NSEML position was discriminatory, but ultimately concluded that no discrimination had occurred.

In December 2010, Landino filed a complaint in the United States District Court for the Eastern District of Virginia, alleging gender discrimination (Count I), retaliation in the March 2008 and May 2009 Employment Decisions, (Counts II–III) and retaliation by his placement in the NSEML position (Count IV). Landino also alleged three additional retaliation claims, not at issue in this appeal (Counts V–VII).

In lieu of an answer, the Agency filed a Motion to Dismiss and a Motion for Summary Judgment. Landino opposed both motions and also filed a Rule 56(d) motion to stay consideration of the Agency's Motion for Summary Judgment. The district court denied Landino's Rule 56(d) motion and granted the Agency's Motion to Dismiss, dismissing Counts I–IV with prejudice and dismissing Counts V–VII without prejudice. Landino then filed a motion for reconsideration pursuant to Rule 59(e), which the district court also denied.

Landino timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

II

We review de novo a district court's grant of a Rule 12(b)(6) motion to dismiss. Decohen v. Capital One, N.A., 703 F.3d 216, 222 (4th Cir. 2012). On review, we accept as true all factual allegations contained in the complaint and consider whether the complaint contains sufficient facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

By virtue of the significant discretion district courts have to manage their own dockets, we will not overturn a district court's decision regarding the mechanics of the trial process, including the denial of a Rule 56(d) motion, "unless there is a clear abuse of discretion, or unless there is a real possibility the party was prejudiced by the denial of the extension." Strag v. Bd. of Trustees, 55 F.3d 943, 954 (4th Cir. 1995). We review a district court's denial of a Rule 59(e) motion for an abuse of discretion. Sloas v. CSX Transp., Inc., 616 F.3d 380, 388 (4th Cir. 2010).

Landino raises three issues on appeal. He first contends that the district court wrongly dismissed Count I of his complaint by enforcing the Settlement Agreement against him. He then argues that the district court improperly dismissed Counts II-IV of his complaint by wrongly concluding that his 2007 and 2008 Complaints were not protected activity within the meaning of Title VII. He last asserts that the district court improperly denied two procedural motions.

With respect to Count I, Landino entered into a binding Settlement Agreement with the Agency, thereby releasing the claim he asserts in this count of his complaint. See 29 C.F.R. § 1614.504(a) ("Any settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage in the complaint process, shall be binding on both parties."). Landino argues that we should invalidate the Settlement Agreement because he was given only ninety minutes to review it and because he did not have the assistance of counsel. Considering the totality of the circumstances, however, we conclude that Landino knowingly and voluntarily executed the Settlement Agreement. Cf. Melanson v. Browning-Ferris Indus., Inc., 281 F.3d 272, 276 n.4 (1st Cir. 2002) (reviewing the voluntariness of a settlement agreement under the totality of the circumstances). Landino is a highly educated individual, he

7

negotiated the terms of the Settlement Agreement, the Settlement Agreement is short and is written in clear language, and the consideration provided in the Settlement Agreement is adequate. Though Landino did not benefit from the advice of counsel, he affirmatively declined his opportunity to secure the assistance of counsel in his OEEO proceedings. Thus, the Settlement Agreement is binding upon Landino and permanently resolves the claim he asserts in Count I of his complaint.

Regarding Counts II and III, Landino failed to timely assert the Title VII retaliation claims he asserts in those counts of his complaint. A Title VII plaintiff "must initiate contact with [an EEOC] Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). Landino does not dispute that he first raised these retaliation claims on July 14, 2009, more than 45 days after the occurrence of the March 2008 and April 2009 Employment Decisions. The district court therefore properly dismissed Counts II and III.

In addition, Landino cannot establish that he was retaliated against because of protected activity. A plaintiff asserting a retaliation claim under Title VII must establish that "(1) [he] engaged in protected activity, (2) the employer took adverse action, and (3) there was a causal connection between the two." Karpel v. Inova Health Sys. Servs., 134 F.3d

1222, 1228 (4th Cir. 1998). Protected activity under Title VII includes complaints of discrimination based upon "race, color, religion, sex or national origin." Balazs v. Liebenthal, 32 F.3d 151, 159 (4th Cir. 1994). To demonstrate a causal connection between the protected activity and the adverse action, a plaintiff must also show that his employer knew that he engaged in protected activity. Dowe v. Total Action Against Poverty, 145 F.3d 653, 657 (4th Cir. 1998). Here, Landino did not engage in protected activity. A review of Landino's 2007 and 2008 Complaints demonstrates that Landino had serious concerns about Janssen's general behavior toward all of her subordinates. The record simply does not support Landino's claim that he was asserting a gender discrimination claim. Still, even assuming that Landino's 2007 and 2008 Complaints were protected activity within the meaning of Title VII, Landino presents no evidence that any of his supervisors responsible for the alleged discrimination knew that he was claiming discrimination based on a protected status. Landino affirmatively denied that he was asserting a sexual harassment or gender discrimination claim in his 2007 and 2008 Complaints.[2] And it was not until after his

---

[2] Landino argues that he answered "no" when asked whether he was the victim of sexual harassment only because he did not understand that this term encompassed gender discrimination. Regardless, Landino was clearly asked on a form accompanying his 2008 Complaint whether he believed he was discriminated against (Continued)

9

placement in the NSEML position in 2009 and he secured counsel that he clearly indicated that he believed he had been discriminated against on the basis of gender. Therefore, the district court properly dismissed Count IV of Landino's complaint.

To succeed on a Rule 56(d) motion, the movant must show "that, for specified reasons, [he] cannot present facts essential to justify [his] opposition." Fed. R. Civ. P. 56(d). The administrative record before the court is robust and contains a number of supporting affidavits. Landino does not explain what information he expected to obtain by conducting discovery that he did not already have access to in the existing administrative record. Regardless, no further discovery would change the fact that Landino settled his Count I claim in a binding settlement agreement, that his Count II and Count III claims are untimely, or that he asserted gender discrimination for the first time after the alleged retaliation asserted in Count IV. He therefore fails to demonstrate that the district court abused its discretion in denying the motion.

---

"because of your color, race, age, sex, disability, national origin, religion or as an act of reprisal" and to "indicate all that apply." J.A. 106. In response to this question, Landino answered only "reprisal." J.A. 106.

10

Last, a district court may grant a Rule 59(e) motion to alter or amend a judgment "to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Landino argues that the district court should have granted his Rule 59(e) motion because it weighed the evidence instead of viewing it in a light most favorable to him. Landino fails to present with any specificity what facts or inferences the district court drew in favor of the Agency or what inferences it should have drawn in his favor, but did not. He therefore fails to demonstrate that the district court abused its discretion in denying that motion.

IV

For all the foregoing reasons, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

11